# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE SCOTTS COMPANY LLC, and OMS INVESTMENTS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**Make Great Sales Limited,**<br><br>Defendant. | Case No. 2:23-cv-1973<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, The Scotts Company LLC and OMS Investments, Inc. (collectively "Scotts" or "Plaintiffs"), for their Complaint against Defendant, Make Great Sales Limited ("Defendant"), allege and state as follows:

### Nature of the Case

1. Headquartered in Ohio for over 150 years, Scotts is the world's largest marketer of branded consumer lawn, garden, pesticide, and insecticide products. Scotts has developed and owns some of the industry's most widely recognized brands, including its well-known B GON and B GON-formative brand products for various pest control products.

2. Defendant directly competes against Scotts in the manufacture, distribution, promotion and sale of products for pest control products and complementary and related products, and is manufacturing and selling its products under the confusingly similar BUZZBGONE mark. Defendant's products bearing the infringing mark are sold at various retail outlets, including many of the same retail outlets where Scotts' products bearing its B GON and B GON-formative are marketed and sold.

3. As detailed below, Defendant's conduct constitutes unfair competition, infringement, and dilution of Scotts' trademark rights in its B GON and B GON-formative marks. This improper conduct is knowing, intentional, and designed to trade on the reputation that Scotts has developed through many years of successful promotion and sales of its superior products under its B GON and B GON-formative marks.

4. Scotts has been, and is likely to continue to be, injured by Defendant's misconduct, and will suffer irreparable harm unless and until Defendant is enjoined from its unauthorized and infringing uses of the BUZZBGONE mark in connection with Defendant's products in the United States.

## The Parties

5. The Scotts Company LLC is an Ohio limited liability company with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041, and is the licensee of various intellectual property assets owned by OMS Investments, Inc., including the B GON Marks that are being willfully infringed by Defendant.

6. OMS Investments, Inc. is a Delaware corporation with an office at 10250 Constellation Blvd., Suite 2800, Los Angeles, California, 90067, and is an affiliate of The Scotts Company, LLC.

7. On information and belief, Defendant is a Delaware corporation with its principal place of business at 815 J Street, Suite 302, San Diego, California 92101.

8. Upon investigation and on information and belief, Defendant, through its agents, representatives, or affiliates, has done, and is doing, business in the Southern District of Ohio, and has engaged in acts and/or omissions within this district, causing injury to Scotts.

**Jurisdiction and Venue**

9. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a)-(b), and 1367.

10. This Court has subject matter jurisdiction over Counts I, II, and III of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

   a. Count I (Trademark Infringement) - 15 U.S.C. § 1114;

   b. Count II (Federal False Designation of Origin and Federal Unfair Competition) - 15 U.S.C. § 1125(a); and

   c. Count III (Federal Trademark Dilution) – 15 U.S.C. § 1125(c).

11. This Court has supplemental jurisdiction over Scotts' state law claims, Counts IV and V pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy.

12. This Court has personal jurisdiction over Defendant under Ohio Revised Code § 2307.382 because, among other things, Defendant transacts business in Ohio, contracts to supply goods in Ohio, and has caused tortious injury by its acts in Ohio. On information and belief, Defendant ships products with the infringing mark throughout the United States and to residents and stores located in this judicial district with the expectation that products will be sold in this judicial district. By distributing and selling its infringing products in Ohio and this judicial district, Defendant purposefully directs activities at this forum that relate to and give rise to the claims alleged in this Complaint.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and Local Rule 82.1 because a substantial part of the events giving rise to Scotts' claims occurred in this judicial district and Defendant is subject to personal jurisdiction in this judicial district.

## **Background Facts**

### *Scotts' Famous B GON Marks*

14. Throughout its long history, Scotts has developed and maintained an exceptional national reputation for, among other products, pest control products and complementary and related products.

15. Scotts has been, and is now, extensively engaged in the business of marketing and selling in United States commerce various pest control products (collectively the "B GON Products") under its B GON and B GONE formative marks (collectively, the "B GONE Marks" as defined below).

16. Scotts, through its predecessors-in-interest, first used the B GONE mark in United States interstate commerce in connection with the B GON Products at least as early as 1945, and has used the mark in United States interstate commerce continuously since that date.

17. Scotts advertises and sells the B GON Products under the B GON marks throughout the United States, including in retail stores in this judicial district. Scotts also markets the B GON Products under the B GON Marks throughout the United States via the Internet, including on its website accessible at www.ortho.com and through Amazon.com and on social media.

18. Scotts has invested extraordinary resources developing, advertising, promoting and marketing the B GON Products under the B GON marks throughout the United States and establishing the marks in the minds of consumers as the source of high-quality goods offered by Scotts. As a result, and in addition to its registered rights described below, Scotts enjoys extremely strong common law trademark rights in the B GON marks, embodying invaluable goodwill.

19. Scotts prominently and extensively uses the B GON Marks directly on packaging for the B GON Products and in nationwide advertising and promotional materials for the Products, including but not limited to television, print advertisements, brochures, and the Internet.

20. The B GON Marks are inherently distinctive, have become favorably known among consumers as used in connection with the B GON Products, and have become an invaluable symbol of the source of goods bearing the B GON Marks, of the high quality of goods bearing the marks, and of the goodwill associated with the marks.

21. As a result of Scotts' extensive investment in the B GON Marks, as well as widespread publicity and recognition of the B GON Marks and B GON Products, the B GON Marks are famous under Section 43(a) of the Lanham Act, U.S.C. § 1125(c).

22. In addition to Scotts' extensive and longstanding common law trademark rights in the B GON Marks, OMS Investments, Inc. owns the following United States Federal trademark registrations for the marks, among others (the "Registered B GON Marks") (common law and registered B GON and B GON-formative trademarks collectively referred to herein as "B GON Marks"):

| Mark | Registration No. & Date | Date of First Use | Goods |
|---|---|---|---|
| **BUG-B-GON** | 2073033 June 24, 1997 | January 1996 | Class 5: insecticides for home and garden use |
| **BUG B GON MAX** | 2907105 November 30, 2004 | December 1, 2003 | Class 5: insecticides for home and garden use |
| **BUG B GON MAX** | 2980869 August 2, 2005 | December 1, 2003 | Class 5: herbicides, insecticides, fungicides, miticides, pesticides, and molluscicides, all for domestic use |
| **BUG B GON** | 4198679 August 28, 2012 | January 31, 1996 | Class 5: Pesticides, insecticides for domestic use |

| Mark | Registration No. & Date | Date of First Use | Goods |
|---|---|---|---|
| B GON | 4268320<br>January 1, 2013 | September 1, 1945 | Class 5: Pesticides, insecticides, herbicides, fungicides and animal repellents |
| MOLE B GON | 4372812<br>July 23, 2013 | January 2013 | Class 5: animal repellents |
| ANIMAL B GON | 4381103<br>August 6, 2013 | January 2013 | Class 5: animal repellents |
| SNAKE B GON | 4381104<br>August 6, 2013 | January 2013 | Class 5: animal repellents |
| DOG & CAT B GON | 4381105<br>August 5, 2013 | January 2013 | Class 5: animal repellents |
| DEER B GON | 4400454<br>September 10, 2013 | January 2013 | Class 5: Animal repellant used to repel deer and other ruminant animals and rabbits |
| BUG B GON (logo) | 6798248<br>July 19, 2022 | December 31, 2020 | Class 5: Insecticides for domestic use; Pesticides for domestic use |

23. These registrations are valid, subsisting, and in full force and effect. True and correct copies of documents retrieved from the United States Patent and Trademark Office's online Trademark Status & Document Retrieval database ("TSDR") evidencing the current status and OMS Investments, Inc.'s ownership of the Registered B GON Marks are attached hereto as **Exhibit A**.

24. Notably, United States Trademark Registration Nos. 2073033, 2907105, 2980869, 4198679, 4268320, 4372812, 4381103, 4381104, 4381105, and 4400454 have achieved incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, these registrations provide conclusive evidence of the validity of the registered B GON marks, OMS Investments, Inc.'s ownership of the registered trademarks, and OMS Investments, Inc.'s exclusive right to use the

registered trademarks in connection with the goods specified in the certificates of registration for the trademarks. 15 U.S.C. § 1115(b).

25. In addition to Scotts' common law trademark rights based on its 1945 first use of the B GON mark in United States interstate commerce, Scotts has a presumption of nationwide exclusive rights to use the B GON mark dating back more than twenty-five years, to June 24, 1997, the registration date of United States Trademark Registration No. 2073033. 15 U.S.C. §§ 1057(b) and 1072.

### *Defendant's Infringing Acts*

26. Notwithstanding Scotts' nationwide prior common law and registered trademark rights in its B GON Marks, Defendant is marketing and selling products for killing and repelling pests ("Defendant's Products") under the BUZZBGONE mark ("Defendant's Mark") as depicted below and at **Exhibit B**:

27. Defendant's Products are nearly identical, complementary and/or closely related to the products that Scotts marketed and sold well-prior to Defendant's infringing activities and that Scotts continues to market and sell under the B GON Marks.

28. Defendant markets and sells Defendant's Products under Defendant's Mark in the same the trade channels through which Scotts offers its products under the B GON Marks, or that are highly similar thereto, and to consumers that are identical to or that overlap with Scotts' consumers.

29. Defendant is using Defendant's Mark with actual and constructive knowledge of Scotts' B GON Marks, and with an intent to capitalize on Scotts' reputation and goodwill, to confuse and deceive consumers, and to unfairly compete with Scotts.

30. Scotts has never authorized, licensed, or otherwise endorsed Defendant, Defendant's Products, and/or Defendant's use of Defendant's Mark.

31. Notwithstanding Scotts' longstanding prior common law and registered trademark rights in and to the B GON Marks, Defendant filed the following applications to register Defendant's Mark (collectively "Defendant's Applications") with the United States Patent and Trademark Office (the "USPTO"):

| Mark | Ser. No. | Filing Date | Goods |
|---|---|---|---|
| **BUZZBGONE** | 90076816 | July 27, 2020 | Class 21: Electric devices for attracting and killing insects |
| **BUZZBGONE** | 90084704 | July 31, 2020 | Class 5: Insect repellent for personal use, namely, a topical skin patch to protect against insect bites |

32. On March 31, 2021, OMS Investments, Inc. timely filed with the Trademark Trial and Appeal Board of the USPTO (the "TTAB") a Notice of Opposition against the Defendant's Applications on the grounds that registration of Defendant's Mark for the goods recited in Defendant's Applications is likely to cause confusion with and dilute Scotts' B GON Marks (Opposition Proceeding No. 91268476).

33. Upon information and belief, Defendant's use of Defendant's Mark in connection with the sale and marketing of Defendant's Products in United States interstate commerce, including in Ohio in this Judicial District, has caused, and is likely to continue to cause, confusion, mistake, and deception among the relevant purchasing public. Consumers and the trade will likely believe that Defendant's Products are associated with, or connected with, or approved or authorized by Scotts, or that Defendant's Products originate from the same source as Scotts' products, when that is not the case.

34. Defendant's registration of Defendant's Mark for the goods recited in Defendant's Applications is likely to cause confusion, mistake, and deception among the relevant purchasing public. Consumers and the trade will likely mistakenly believe that Defendant's Products, including but not limited to the products recited in Defendant's Application, are associated with, or connected with, or approved or authorized by Scotts, or that Defendant's Products originate from the same source as Scotts' products, when that is not the case.

35. Any such confusion would result in injury and have a direct impact on Scotts' reputation and its ability to market its own products under its B GON Marks.

36. In addition, any defect, objection, or fault found with Defendant's Products would negatively impact and seriously injure the reputation and goodwill Scotts has established for itself through its use of the B GON Marks in connection with its goods.

37. Upon information and belief, Defendant's use of Defendant's Mark in interstate commerce has caused and is likely to continue to cause dilution of Scotts' famous B GON Marks, by lessening the capacity of the famous marks to identify and distinguish Scotts' products and by tarnishing the reputation of the B GON Marks, all to Scotts' detriment.

38. All of the foregoing acts of Defendant has caused and, unless restrained by this Court, will continue to cause serious and irreparable injury and damage for which Scotts has no adequate remedy at law. Defendant has knowingly and willfully used and will continue to use Defendant's Marks in connection with the advertisement, distribution, offering for sale, and sale of Defendant's Products with an intent to capitalize on the reputation and goodwill of Scotts and its B GON Marks, to confuse and deceive consumers, and to unfairly compete with Scotts.

## COUNT I

**INFRINGEMENT OF SCOTTS' REGISTERED B GON MARKS**
**15 U.S.C. § 1114**

39. Scotts repeats the allegations in Paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40. Defendant, without the consent or authorization of Scotts, has used and is using, in interstate commerce, Defendant's Mark, which is nearly identical and confusingly similar to OMS Investments, Inc.'s prior Registered B GON Marks in connection with Defendant's Products that are nearly identical and highly related to the B GON Products, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and of Defendant's Products, with Scotts, or as to the origin, sponsorship, or approval of Defendant's goods.

41. The goodwill of OMS Investments, Inc.'s Registered B GON Marks is of significant value, and Scotts is suffering, and will continue to suffer, irreparable harm should Defendant continue its unauthorized offering of its control products under Defendant's Mark.

42. Defendant's unauthorized use of Defendant's Mark in connection with Defendant's Products is intended to, and will, divert to Defendant, the benefit of the reputation and goodwill symbolized by OMS Investments, Inc.'s Registered B GON Marks, all of which belong exclusively to OMS Investments, Inc.

43. Defendant's acts constitute infringement of OMS Investments, Inc.'s Registered B GON Marks under 15 U.S.C. § 1114(1).

44. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of OMS Investments, Inc.'s rights.

45. As a result of Defendant's acts of trademark infringement, Scotts is suffering

irreparable harm.

46. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Scotts.

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN AND FEDERAL UNFAIR COMPETITION RELATING TO SCOTTS' B GON MARKS
### 15 U.S.C. § 1125(a)

47. Scotts repeats the allegations in Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. By making unauthorized use in interstate commerce of the Defendant's Mark, which is nearly identical and confusingly similar to Scotts' B GON Marks, on and in connection with Defendant's Products, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and Defendant's products with Scotts, or as to the origin, sponsorship or approval of Defendant's products.

49. Defendant's acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

50. Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Scotts' prior rights in its B GON Marks.

51. As a result of Defendant's acts of false designation of origin, Scotts is suffering irreparable harm.

## COUNT III

### TRADEMARK DILUTION OF BLURRING AND TARNISHMENT OF SCOTTS' B GON MARKS
### 15 U.S.C. § 1125 (C)

52. Scotts incorporates the allegations set forth in Paragraphs 1 through 51 above as if fully set forth here.

53. Scotts' B GON Marks are famous and distinctive throughout the United States including among consumers, the trade, and the general public in the State of Ohio and in this Judicial District, and were famous long before Defendant commenced its unlawful use of Defendant's Mark on and in connection with Defendant's Products and prior to Defendant's trademark application filing dates.

54. The foregoing acts of Defendant have caused, and will continue to cause, irreparable dilution of the distinctive quality of Scotts' B GON Marks and will undermine the uniqueness and distinctiveness of the B GON Marks, constituting dilution by blurring of the B GON Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c).

55. The foregoing acts of Defendant have also caused, and will continue to cause, a reduction in value of Scotts' B GON Marks because the public will wrongly associate the lack of quality and/or prestige of Defendant's Products with Scotts, constituting dilution by tarnishment of the B GON Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56. Defendant's unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

57. Defendant's actions have caused and continue to cause irreparable harm and damage to Scotts, for which Scotts has no adequate remedy at law. Unless enjoined by this Court, Defendant will continue their wrongful actions, further injuring Scotts and confusing the public.

## COUNT IV

**VIOLATION OF OHIO'S DECEPTIVE TRADE PRACTICES ACT RELATING TO SCOTTS' B GON MARKS**

58. Scotts incorporates the allegations set forth in Paragraphs 1 through 57 above as if fully set forth here.

59. By making and selling in commerce Defendant's Products in connection with the Defendant's Mark, which is confusingly similar to Scotts' B GON Marks, Defendant is engaging in deceptive trade practices and violating Ohio's Deceptive Trade Practices Act as set forth in Ohio Revised Code §§ 4165.01 through 4165.04. Among other things, Defendant is causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the products sold under Defendant's Mark and as to the affiliation, connection, or association between those products and Scotts.

60. Defendant willfully engaged in these unfair trade practices knowing them to be deceptive.

61. Defendant's deceptive trade practices also have caused or are likely to cause damage to Scotts' business reputation and Scotts' goodwill, and unless restrained and enjoined, will continue to irreparably impair their reputation and goodwill for which there is no adequate remedy at law.

## COUNT V

**COMMON LAW UNFAIR COMPETITION RELATING TO SCOTTS' B GON MARKS**

62. Scotts incorporates the allegations set forth in Paragraphs 1 through 61 above as if fully set forth here.

63. By making and selling in commerce control products under the Defendant's Mark, Defendant is creating a likelihood of confusion, mistake, or deception as to the source, origin, or

sponsorship of its products. Defendant's use of the Defendant's Mark on and in connection with Defendant's Products is likely to induce consumers to mistakenly believe that Defendant's products are affiliated, sponsored, sold, approved by, or connected with Scotts.

64. Defendant's conduct has been intentional and undertaken for the purpose of deceiving consumers into believing that its goods are associated with Scotts. Defendant has acted with full knowledge of the deceptiveness of its conduct and harm to Scotts' business.

65. Defendant's conduct constitutes unfair competition under the common law of the State of Ohio.

66. Defendant's acts of unfair competition are causing Scotts to suffer irreparable harm, for which it has no adequate remedy at law. Unless and until Defendant is enjoined, Defendant will continue to compete unfairly against and cause irreparable harm to Scotts.

## Jury Demand

67. Scotts demands a trial by jury on all matters and issues triable by a jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Scotts prays that the Court enter Judgment finding, concluding, and declaring:

A. That Defendant's use of Defendant's Mark on and in connection with Defendant's Products constitutes trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a), trademark dilution under 15 U.S.C. § 1125(c), and unfair competition and deceptive trade practices under Ohio law;

B. That Defendant and its owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined from:

1. Using Defendant's Mark, including all formative variations, or any other names,

marks or slogans in connection with control products likely to cause confusion, mistake or deception with respect to Scotts' B GON Marks;

2. Doing any other act or thing likely to induce the mistaken belief that Defendant or Defendant's Products are in any way affiliated, connected, or associated with Scotts or its goods, or doing any other act or thing likely to cause confusion with respect to Scotts' marks;

3. Trading on the goodwill associated with Scotts' B GON Marks and passing off its goods as those of Scotts;

4. Injuring Scotts' business reputation and the goodwill associated with Scotts' B GON Marks and from otherwise unfairly competing with Scotts in any manner whatsoever; and

C. That Defendant be ordered to expressly abandon Defendant's Applications;

D. That Defendant be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendant bearing and/or displaying Defendant's Mark;

E. That Defendant be ordered to recall from all customers, vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing Defendant's Mark;

F. That Defendant be ordered to notify all customers, vendors, sales people, and authorized agents of this Judgment;

G. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Scotts, within thirty (30) days after entry of the injunction, a report in writing and

under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

  H. That Defendant be directed to provide a complete accounting to Scotts for any and all profits realized from the sale of control products bearing Defendant's Mark from inception up through the date of the injunction;

  I. That Scotts be awarded its actual compensatory damages, including but not limited to, Defendant's profits and Scotts' damages, in an amount to be determined at trial;

  J. That Defendant be ordered to pay treble damages pursuant to 15 U.S.C. § 1117 for its knowing, intentional, and willful violations of federal law;

  K. That Scotts be awarded all reasonable attorneys' fees, costs and disbursements incurred by Scotts as a result of this action, pursuant to 15 U.S.C. § 1117(a);

  L. That Scotts be awarded all damages available under Ohio law; and

  M. That Scotts be awarded any such other and further relief as this Court deems just and proper.

Respectfully submitted,

**THE SCOTTS COMPANY LLC AND OMS INVESTMENTS, INC.**

Date: June 20, 2023

By: /s/ *David M. DeVillers*
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Ste. 3300
Columbus, OH 43215
Telephone: (614) 628-0096
Facsimile: (614) 628-1433 (fax)
Email: DDeVillers@btlaw.com

Christopher M. Dolan (pro hac vice pending)
Joshua S. Frick (pro hac vice pending)
BARNES & THORNBURG LLP

One North Wacker Drive, Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Email: cdolan@btlaw.com Email: joshua.frick@btlaw.com

Attorneys for The Scotts Company LLC and OMS Investments, Inc.